IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: **GJH-18-758** |
| **JAYANTI K. PATEL** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Choice Hotels International, Inc. ("Plaintiff" or "Choice") has filed a Motion for Default Judgment with a supporting affidavit. ECF No. 6. A hearing is not necessary. For the following reasons, Plaintiff's Motion for Default Judgment will be granted.

**I.     BACKGROUND**

Choice is a "publicly-traded company incorporated under the laws of the State of Delaware, with principal headquarters in Rockville, Maryland." ECF No. 1 ¶ 1.[1] Choice is "primarily in the business of franchising hotels domestically and internationally . . . including but not limited to the trade and brand marks, names and systems associated with Quality Inn®." *Id.* Defendant is an Illinois resident who "based upon information, knowledge, and belief" is neither employed nor resides in Maryland or Delaware. *Id.* ¶ 2. On or about November 14, 2005, Choice entered into a Franchise Agreement with Defendant, under which Choice granted Defendant a

---

[1] These facts are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and Plaintiff's Motion for Judgment by Default, ECF No. 6.

limited and revocable license to operate a hotel in Carbondale, Illinois. *Id.* ¶ 3. The Franchise Agreement required Defendant to comply with Comfort Inn & Suites® Rules and Regulations. These Rules and Regulations required Defendant to maintain a level of guest satisfaction as high as the brand's average, measured by a Likelihood to Recommend (LTR) score. *See id.* ¶ 4; ECF No. 1-2 at 3.

Under the Franchise Agreement, if a franchisee breaches its duty to maintain the brand average LTR, the franchisee is in default and Choice may terminate the agreement if the franchisee fails to cure. ECF No. 1-2 at 2. If Choice terminates the agreement because a franchisee fails to cure a default, the franchisee agrees to pay liquidated damages within thirty days, calculated by "(i) the average monthly Gross Room Revenues during the prior 12 full calendar months (or the shorter time that the Hotel has been in the System), multiplied by (ii) the Royalty Fee payable in the Remaining Months, multiplied by (iii) the number of months until the next date the franchisee could have terminated this Agreement without a penalty ("Remaining Months"), not to exceed 36 months." *See* ECF No. 1-2 at 2. Further, the franchisee owes interest on amounts not timely paid at a rate of 1.5% per month. *Id.* The parties' Franchise Agreement also contained an arbitration clause, stating in relevant part that "any controversy or claim arising out of or relating to this Agreement . . . will be sent to final and binding arbitration before . . . the American Arbitration Association . . ." *See* ECF No. 1 ¶ 8; ECF No. 1-1.

On or about January 8, 2015, Choice sent a Notice of Default to Defendant, notifying him of his failure to maintain the brand average LTR scores per Ru1es and Regulations. ECF No. 1 ¶ 4. Per the notice, the Defendant had six months to cure the default. *Id.* Choice later revised the LTR default cure deadline to September 8, 2015. *Id.* ¶ 5. Defendant failed to cure the breach within the time allotted, so Choice terminated the Franchise Agreement per its terms and made

2

demand for immediate payment of contractually specified fees, interest, and liquidated damages. ECF No. 1 ¶ 6–7. Because Defendant did not pay the contractually specified fees, interest, or liquidated damages, Choice initiated arbitration proceedings on or about April 27, 2017 with the American Arbitration Association. *Id.* ¶ 8.

Arbitration proceedings were scheduled for August 31, 2017. *See* ECF No. 1 ¶ 11; ECF No. 1-2 at 1. Plaintiff sent notice of the proceedings to Defendant "by regular mail, certified mail and/or overnight FedEx delivery." ECF No. 1 ¶ 10. "Defendant failed to appear or participate during any proceeding." *Id.* The Arbitrator determined that Defendant "was duly notified" and entered an award in Choice's favor against Defendant in the amount of $153,723.01. ECF No. 1-2 at 1, 4. The Arbitrator also ordered Defendants to reimburse Choice in the sum total of $4650.00for "administrative fees and expenses." ECF No. 1-2 at 4.

Choice Hotels filed an "Application to Confirm Arbitration Award" in this Court on March 14, 2018. ECF No. 1. The Arbitrator's ex parte award, signed by George Beckwith of the American Arbitration Association on September 17, 2017, is attached to the Application. ECF No. 1-2. The Court issued a summons to Defendant on March 14, 2018, and the summons was executed on March 27, 2018. ECF No. 3–4. The Clerk made an entry of default for want of answer against Defendant on July 20, 2018. ECF No. 8. Choice Hotels now requests that the Court issue judgment by default against Defendant. ECF No. 6.

**II.    DISCUSSION**

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Corp.*, DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp. 2d 491, 494 (D. Md. 2002)). When a motion for default judgment is

3

based on an arbitration award, the plaintiff "must show that it is entitled to confirmation of the award as a matter of law." *Id.* (citations and internal quotation marks omitted).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's

4

decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted).

Here, Choice Hotels' claims were properly before the American Arbitration Association under the arbitration clause of the parties' Franchise Agreement. *See* ECF No. 1-1. "Despite duly and properly notifying Defendant of all proceedings relating to the arbitration proceedings . . . Defendants failed to appear or participate during any proceeding." ECF No. 1 ¶ 10. In accordance with the parties' Arbitration Agreement and American Arbitration Association Commercial Rule 31, arbitration may proceed without a party who receives due notice but fails to participate. ECF No. 1-1 at 1. The arbitrator determined that Defendant had been duly notified and proceeded with the hearing in his absence. *Id.*

The Arbitrator determined that Defendant had breached the parties' Franchise Agreement by failing to maintain the minimum required guest satisfaction standards as measured by the brand average Likelihood to Recommend (LTR) score. *Id.* at 3–4. The Arbitrator thus rendered an award to Choice. *Id.*

The Court finds no reason in the record to question the validity of the Franchise Agreement or the conduct of the Arbitrator. *See Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015). Further, the parties agreed that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." ECF No. 1-1. The parties also agreed that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id*.

### III. CONCLUSION

For the reasons explained above, Plaintiff's Request for Judgment by Default, ECF No. 6, will be granted. Judgment by default is entered in favor of Plaintiff Choice Hotels and against Defendant Patel in the amount of $158,773.01, representing the Arbitrator's award of $153,723.01, administrative fees and expenses totaling $4650.00, and costs of the action totaling $400.00. ECF No. 1.[2] A separate Order shall issue.

Dated: November 20, 2018 /s/
George J. Hazel
United States District Judge

---

[2] In contrast to this Court's decision in *Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015), Choice Hotels requested "costs of the action" in their original Application to Confirm Arbitration Award, ECF No. 1 at 2. Therefore, the default judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).